129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Colleen NERO, Defendant-Appellant,
 No. 96-10444.
 United States Court of Appeals, Ninth Circuit.
 Nov. 10, 1997.
Submitted November 6, 1997**
 
 Appeal from the United States District Court for the District of Nevada
 Philip M. Pro, District Judge, Presiding
 MEMORANDUM*
 Before: WOOD,*** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 Colleen Nero, aka Colleen McQuisten, appeals from a district court order revoking her supervised release and sentencing her to fourteen-months imprisonment. We have jurisdiction, 28 U.S.C. § 1291, and affirm. westlaw
 
 
 2
 We review a district court's decision to revoke a term of supervised release for an abuse of discretion. United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996). A district court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir.) (citations omitted), cert. denied, 117 S.Ct. 272 (1996).
 
 
 3
 Nero contends that there was not a preponderance of evidence to support the district court's finding that she violated the terms of her supervised release. We disagree.
 
 
 4
 Nero was charged with violating twelve conditions of her supervised release, including providing false information to state and federal agencies to receive public assistance. Although Nero argues that she justified her statements, the evidence indicates that she repeatedly provided false information about her place of residence and financial resources. After hearing extensive testimony from eight witnesses, including Nero, the court found that all but one of the violations was sustained by the evidence. The district court judge, who was in a better position than we are to evaluate the credibility of the witnesses, concluded that the other witnesses who testified were more credible than Nero and that Nero had "difficulty coping with the truth." We cannot say that the district court abused its discretion in revoking Nero's supervised release.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 * Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation